UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOY FOSTER                                                    CIVIL ACTION

VERSUS                                                        NO: 16-670

RESCARE, INC.                                                 SECTION: R

## ORDER AND REASONS

Defendant Rescare, Inc. moves the Court to dismiss plaintiff Joy Foster's wrongful termination suit under Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, Federal Rule of Civil Procedure 12(b)(6).[1] Because Foster's service of process was insufficient and the time for effective service of process has expired, the Court grants Rescare's motion under Rule 12(b)(5).

## I.   INTRODUCTION

This case arises out of an employment dispute between plaintiff Joy Foster and her former employer, Rescare, Inc. Foster claims that Rescare fired her for "leaving a patient group home out of compliance."[2] According to

---

[1] R. Doc. 18.

[2] R. Doc. 1-1 at 1.

Foster, she was not assigned to the group home in question on the day she was fired, so she could not have been responsible for the facility's condition.[3]

Acting *pro se*, Foster filed this lawsuit against Rescare in the Civil District Court for the Parish of Orleans. Foster alleges wrongful termination and seeks "all legal and equitable relief that this Honorable Court shall deem appropriate."[4] In her petition, Foster requests that service of process be made on "Doris Kirkpatrick in her capacity as H.R. Rep for Rescare, Inc."[5]

Rescare removed the case to this Court on the basis of diversity jurisdiction alleging, among other things, that it had not been properly served with suit papers.[6] After removal, attorney Demetrie Ford enrolled as counsel for Foster.[7] Rescare then filed a motion to dismiss Foster's suit under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[8] Foster

---

[3] *Id.*

[4] *Id.* at 1-2.

[5] *Id.* at 2.

[6] R. Doc. 1 at 2 ¶ 1.

[7] R. Doc. 10 (order granting Demetrie Ford's motion to enroll as counsel of record).

[8] R. Doc. 11.

has not opposed Rescare's motion. Nor has she submitted returns of service or other papers documenting her attempts to serve Rescare.

## II.   DISCUSSION

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id.* "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). Rescare argues that after Foster filed suit in state court, she failed to serve process as required by Louisiana law.[9] Rescare also contends that after this suit was removed to federal court, Foster took no new steps to effectuate service of process.[10]

### A.   Service in State Court

After a case is removed to federal court, federal law, not state law, governs the course of later proceedings. *Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 437 (1975). Nonetheless, federal courts in

---

[9] R. Doc. 11-1 at 3.

[10] *Id.* at 4.

removed cases look to the law of the forum state to determine whether service of process was perfected prior to removal. *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972).

Under Louisiana law, a corporation ordinarily must be served by personal process on its registered agent. La. Code Civ. Proc. Ann. art. 1261. If the corporation does not have a registered agent, or if the person attempting service certifies that she is unable, after due diligence, to serve the designated agent, personal service may be made on a corporate officer, a director, or an employee at a place of the corporation's business. *Id.* Importantly, "[a] plaintiff must first make a diligent effort to serve a corporation's registered agent for service of process before using an alternative form of service on a corporation." *Scott Fence Indus., Inc. v. Neuenhaus*, 490 So. 2d 1132, 1134 (La. App. 5 Cir. 1986) (citing La. Code Civ. Proc. Ann. art. 1261).

Here, Rescare has designated CT Corporation System as its registered agent.[11] Rescare submits that it has not been served with process through CT Corporation System. Citing Foster's request in her petition that service of process be made on "Doris Kirkpatrick in her capacity as H.R. Rep for Rescare, Inc,"[12] Rescare suggests that service was instead made on one of its employees.

---

[11] R. Doc. 11-2 at 1.

[12] *Id.* at 2.

Foster does not dispute this claim. Nor does she explain why she did not serve Rescare through CT Corporation System. Thus, Foster has not shown cause for failing to serve Rescare's registered agent, and her attempt to serve process on Rescare through its employee was insufficient under Louisiana law. *See Barrow v. Fair Grounds Corp.*, 782 So. 2d 697, 701 (La. App. 4 Cir. 2001) ("[I]f personal service was not made on such agent, then the process server must certify that he was 'unable, after due diligence, to serve the designated agent' before an alternative means of service becomes acceptable. . . ."). The Court therefore finds that Foster did not validly serve process in state court before Rescare filed its notice of removal.[13]

## B.   Service in Federal Court

"When a case is removed to federal court, a plaintiff may be afforded additional time to complete service or to obtain issuance of new process if, prior to the case's removal, 'service of process has not been perfected prior to

---

[13] Although no party briefs the issue, Rescare was not required to wait until it was properly served to remove this case. As the Fifth Circuit has explained, service of process is "not an absolute prerequisite to removal." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). Once Foster commenced this action by filing her state-court petition, Rescare was permitted to remove without waiting to see when, if ever, Foster would perfect service of process. *Id.* (finding that the removal statutes "require that an action be commenced against a defendant before removal, but not that the defendant have been served"); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) ("[A]n unserved defendant in receipt of the complaint may remove prior to service . . . .").

removal,' or 'process served proves to be defective.'" *Rice v. Alpha Sec., Inc.*, 556 F. App'x 257, 260 (4th Cir. 2014) (citing 28 U.S.C. § 1448). Federal Rule of Civil Procedure 4(m) gives federal litigants 90 days to serve process. Fed. R. Civ. P. 4(m). Thus, a plaintiff who does not perfect service of process in state court has 90 days from the date of removal in which to complete the task. *See Rice*, 556 F. App'x at 260; *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (finding under earlier version of Rule(m) that "once [plaintiff's] case was removed, he then had 120 days in which to effect service"); *Lee v. City of Fayetteville*, No. 5:15-CV-638-FL, 2016 WL 1266597, at *3 (E.D.N.C. Mar. 30, 2016) ("Because service had not been perfected at the time of removal, plaintiff was provided an additional 90 days in which to serve process on defendant Fayetteville."). Rescare removed this case on January 25, 2016, and more than 90 days have passed since that date. Rescare asserts, and Foster does not dispute, that Foster made no new attempt to serve process during that time. Thus, Foster has failed to effect timely service of process.

Under Rule 4(m), a district court has two choices when a plaintiff fails to serve a defendant within 90 days: it may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m). If, however, the plaintiff shows good cause for the failure, the district court must extend the time of service for an appropriate period. *Id.*

Accordingly, the Court approaches Rescare's motion to dismiss in two steps. First, the Court must determine whether Foster has demonstrated good cause for her failure to effectuate service of process in a timely manner. If good cause exists, then the Court must extend the time period for service of process. If good cause does not exist, the Court must then decide whether to dismiss Foster's claims against Rescare without prejudice or extend the time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The plaintiff has the burden of proving good cause for the failure to effect timely service. *See, e.g., Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). To demonstrate good cause, a plaintiff must "make a showing of good faith and show some reasonable basis for noncompliance within the time specified[.]" *Id.* (quoting *Winters v. Teledyne*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Although Foster initially filed suit in state court as a *pro se* plaintiff, she is now represented by counsel.[14] Nonetheless, Foster has not responded to Rescare's motion to dismiss. Nor has she made any effort to show good cause for her failure to serve Rescare in accordance with Louisiana law and the applicable Federal Rules of Civil Procedure.

---

[14] In any event, "*pro se* status does not excuse a litigant's complete failure to effect service." *Syst. Signs*, 903 F.2d at 1013.

Even if good cause is lacking, a district court may nevertheless extend the deadline for service of process by "direct[ing] that service be effected within a specified time." Fed. R. Civ. P. 4(m). "Such relief may be warranted, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Foster has not briefed the statute of limitations issue; nor has she asked the Court for an extension of the time period for serving process. Foster's silence is itself reason for the Court to decline to exercise its discretionary power in her favor. *See Thompson*, 91 F.3d at 21–22 (holding that district court was not required to extend the time period for service when plaintiff admitted that good cause did not exist and failed to ask the court for an extension). In addition, Foster has identified no evidence of evasiveness or trickery by Rescare that might warrant an extension of time to effectuate proper service. For these reasons, the Court concludes that an extension of Foster's service of process deadlines is not warranted. Because Foster failed to effect timely service of process, the Court grants Rescare's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5).

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Recare's motion to dismiss for insufficient service of process.  The dismissal is without prejudice to Foster's right to refile against Rescare.

New Orleans, Louisiana, this 20th day of June, 2016.

_____Sarah Vance_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE